**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

WAIMONUSHUN SMITH,
ADC #111026                                                                    PLAINTIFF

v.                                          5:14CV00071-DPM-JJV

RAY HOBBS, Director, Arkansas
Department of Correction; *et al.*,                                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.

An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a  hearing is granted) was not offered at  the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

## I.    INTRODUCTION

Waimonshun Smith ("Plaintiff"), an inmate of the Arkansas Department of Correction, alleged the named Defendants violated his First Amendment and due process rights by withholding selected magazines to which he had subscribed. (Doc. No. 63.) Defendants filed their first Motion for Summary Judgment (Doc. No. 71) on March 1, 2015. After review of that motion, Plaintiff's response, and the evidence presented at a hearing before me, I recommended Defendants' summary judgment be granted and this case be dismissed. (Doc. No. 101.) On October 23, 2015, the district judge adopted my recommendations in part. (Doc. No. 103.) The claims against Defendants Hobbs, May, Harris, Smart, Lowe, Jackson, West, Foote, Naylor, Alexander, Scussel, Wheeler, Tyler, and Musselwhite were dismissed for failure to exhaust administrative remedies. (*Id.*) Plaintiff's claims against the remaining Defendants - Cashion, Falls, and Kerry - were dismissed save for his as applied challenge to the withholding of the Ebony July 2012 magazine ("Sexy Issue"). (*Id.*) The parties were given until December 31, 2015, to file a motion for summary judgment on this last question and Defendants have done so. (Doc. No. 104.) Plaintiff has not responded to the Motion and the deadline for doing so has passed.

2

## II.      SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986).  When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).   The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).   The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III.     ANALYSIS

Defendants argue that: (1) Plaintiff's as applied challenge fails as a matter of law because the prison's ban of the Sexy Issue is related to a legitimate penological objective; (2) Defendants Cashion, Clark, and Falls are entitled to qualified immunity; and (3) Plaintiff has not stated a First Amendment claim with regard to the Sexy Issue as it was applied to him. After review of these arguments I find, for the reasons stated below, that summary judgment should be granted.

3

Defendants' qualified immunity argument should be addressed first.[1] Qualified immunity protects officials who acted in an objectively reasonable manner and shields a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).[2] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009).

---

[1]As noted above, Defendants raise a separate argument that Plaintiff's First Amendment claim fails as a matter of law. Analysis of that argument overlaps with a discussion of qualified immunity, and I elect to evaluate immunity first because "[q]ualified immunity is immunity from suit rather than a mere defense to liability, and therefore, immunity issues should be resolved at the earliest possible stage of the litigation." *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

[2]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson v. Callahan*, 555 U.S. at 236).

Defendants argue that Defendants Falls and Kerry are entitled to qualified immunity because the facts, construed most favorably to Plaintiff, do not establish that either violated his rights. I agree. Neither Falls nor Kerry had any responsibility for approving or denying the Sexy Issue for inmate possession. Defendants provide evidence that Falls had no involvement with the Sexy Issue whatsoever. (Doc. No. 104-4 ¶¶ 24-28.) Kerry was responsible only for flagging the issue for review and had no say in whether it was ultimately approved or rejected. (*Id*. ¶ 24-27.) Accordingly, Defendants Falls and Kerry should be dismissed.

I also find Warden Cashion is entitled to qualified immunity because denial of the Sexy Issue was related to legitimate penological objectives.[3] *See Murphy v. Mo. Dep't of Corr.*, 372 F.3d 979, 985 (8th Cir. 2004) ("Regulations involving the review of incoming mail in prisons need only be reasonably related to legitimate penological interests.") (internal citations omitted). The relevant publication policy is Administrative Directive 12-03. (Doc. No. 71-7.) The directive defines nudity as "[a] depiction in which genitalia, buttock(s), or female breasts are fully exposed." (*Id*. at 2.) Defendants have provided some images from the Sexy Issue (Doc. No. 104-2) under seal and I have reviewed them. Reasonable minds might differ in evaluating both the explicitness and danger inherent in these images and, in that sense, I am not unsympathetic to Plaintiff's frustration at being denied a publication to which he has subscribed. Nevertheless, prison officials, because of their expertise, are entitled to significant deference in making these determinations. *Bell v. Wolfish*, 441 U.S. 520, 547 (1979) ("Prison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.") Here, Defendants persuasively

---

[3]Defendants also argue that the final decision to deny the Sexy Issue lay with the Central Office Committee, of which Warden Cashion is not a member. (Doc. No. 104-4 ¶¶ 10-13.) This argument is well taken, but I need not reach it.

argue that publications like the Sexy Issue could create a security risk insofar as inmates might use these materials as a kind of currency to barter among themselves or pay debts.  (Doc. No. 104-4 ¶ 16.)  They also argue that such materials might interfere with the rehabilitation of sex offenders or be used to create a hostile environment for female correctional officers.  (*Id*. ¶¶ 17-21.)  In light of the foregoing, I find that Warden Cashion is entitled to qualified immunity because the withholding of this magazine did not violate Plaintiff's constitutional rights.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1.      Defendants' Motion for Summary Judgment (Doc. No. 104) be GRANTED.

2.      Defendants Peggy Falls, Kerry Clark, and Mark Cashion be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 13th day of January, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE